**06-CR-00040-INFO**

_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

FEB 0 2 2006   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **CR06  0040** |
| Plaintiff, ) | **JPD** |
| v. ) | INFORMATION |
| RODGER DOUGLAS MAY, ) | (Misdemeanor) |
| Defendant. ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

### Count One
(Introduction of Adulterated Food Into Interstate Commerce)

1.      At all times material to this Information:

a.      Smoki Foods, Inc. was a Washington corporation engaged in holding, preparing, packing, selling and distributing fish products to its customers.

b.      Rodger Douglas May was the Vice-President of Smoki Foods, Inc.

c.      In or about August 2001, Smoki Foods, Inc. purchased approximately 287,000 pounds of fish for approximately $23,000 at auction in Vancouver, British Columbia, Canada.  The fish previously had been contaminated with ammonia when a malfunction at a Canadian cold storage facility caused liquid ammonia to be sprayed on the fish.

d.      In or about December 2001, Smoki Foods, Inc. lawfully imported the aforementioned fish into the United States, subject to the restriction imposed by the

INFORMATION/MAY — 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-4122

Food and Drug Administration ("FDA") that the fish not be sold for human consumption. The FDA also required that containers of the aforementioned fish bear labels stating, "Not For Human Consumption/Bait Only," or labels to similar effect.

2. On or about August 15, 2002, within the Western District of Washington, and elsewhere, Rodger Douglas May, as Vice-President of Smoki Foods, Inc., with responsibility and authority to prevent the interstate shipment of adulterated fish by Smoki Foods, Inc., and to promptly correct any such violation, failed to do so with respect to Smoki Foods, Inc.'s introduction and delivery for introduction into interstate commerce at Seattle, Washington, for delivery to Naturally Canadian S.A. de C.V., C/O Cabezut International, Inc., in Laredo, Texas, and elsewhere, of approximately 39,444 pounds of the aforementioned fish that had been adulterated within the meaning of Title 21, United States Code, Section 342(b)(1).

All in violation of Title 21, United States Code, Sections 331(a), and 333(a)(1), and Title 18, United States Code, Section 2.

Dated this _____ day of February, 2006.


JOHN McKAY
United States Attorney


CARL BLACKSTONE
Assistant United States Attorney


LAWRENCE R. LINCOLN
Assistant United States Attorney

INFORMATION/MAY — 2